SUMMARY ORDER
Defendant-appellant Republic Bank and Trust Company (“Republic”) appeals from a September 7, 2007 order of the District Court denying in part, and granting in part, Republic’s post-trial motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. On appeal, Republic raises two arguments. First, Republic contends that the District Court erred in concluding that plaintiff Charles M. Hallman’s (“Hallman”) suit was not barred by res judicata. According to Republic, Hallman was in privity, as New York law defines that term,[1] with cross-defendant-appellee Benefits Express, LLC (“Benefits”) in an arbitration proceeding between Republic and Benefits that pre-dated Hallman’s action against Republic. Second, Republic argues that the District Court erred in failing to deduct a portion of the jury’s award to Hallinan. The District Court deducted $57,854.69 as an impermissible award of litigation costs; Republic maintains that an additional $38,840.76 must be deducted for the same reason. We assume the parties’ familiarity with the facts and procedural history of this case.
We review de novo a district court’s denial of a motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure. See, e.g., Nat’l Commc’n Ass’n, Inc. v. AT & T Corp., 238 F.3d 124,127 (2d Cir.2001).
*627 Like the District Court, we hold that (1) Hallinan’s suit was not barred, as a matter of law, by res judicata, see Green v. Santa Fe Indus., Inc., 70 N.Y.2d 244, 258, 519 N.Y.S.2d 793, 514 N.E.2d 105, 108 (1987) (noting that a non-party to a prior action is not barred from bringing suit in a subsequent action unless either “the interests of the non-party can be said to have been represented in the prior proceeding” or the nonparty “can be said to have controlled the conduct of the prior action to further his own interests”); and (2) further reduction of Hallinan’s award was not warranted, see Ismail v. Cohen, 899 F.2d 183, 186 (2d Cir.1990) (“It is well settled that calculation of damages is the province of the jury.”).
Accordingly, the September 7, 2007 order of the District Court is AFFIRMED.

. The District Court's jurisdiction was based on diversity of citizenship. See 28 U.S.C. § 1332. On appeal, both parties agree that the issue whether plaintiff's suit was barred by res judicata should have been decided under New York law. See Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As we have previously noted, “the federal doctrine [of res judicata ] uses privity in a way similar to its use under New York law.” Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 346 (2d Cir.1995) (noting that application of either federal or New York definitions of "privity” would yield the same result in a diversity action).